## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

-------------------------------------------------------------------------x

AMERICAN MODERN HOME INSURANCE COMPANY

        Plaintiff,

        v.

89 PROSPECT STREET LLC, JOHN T. FORREST,
FRANCIS M. COSGROVE, ROBERTO ARCHAGA,
and GRICELDA ISAULA,

        Defendants.

-------------------------------------------------------------------------x

**CIVIL ACTION**

Docket No.:

**COMPLAINT**

Plaintiff AMERICAN MODERN HOME INSURANCE COMPANY ("American Modern"), by and through its attorneys, Traub Lieberman Straus & Shrewsberry LLP, as and for its Complaint for declaratory relief, alleges the following:

### INTRODUCTION

1.     Plaintiff, American Modern, is an insurance company that issued a policy of insurance to Francis M. Cosgrove and 89 Prospect Street LLC, effective from March 12, 2014 to March 12, 2015, in connection with property located at 205 Jefferson Street, Hartford, Connecticut. American Modern brings this Complaint for Declaratory Judgment pursuant to 28 U.S.C. §§ 2201, *et seq.*, and Rule 57 of the Federal Rules of Civil Procedure.

2.     American Modern seeks a declaration concerning the respective rights and obligations of the parties under the insurance policy it issued to defendants Cosgrove and 89 Prospect in connection with an underlying action captioned *Roberto Archaga and Gricelda Isaula v. 89 Prospect Street LLC and John T. Forrest,* Docket No. HHD-CV15-6061587S, pending in the Superior Court of the State of Connecticut at Hartford (the "Underlying

Action"). A copy of the Fifth Amended Complaint filed in the Underlying Action is attached hereto as Exhibit "A."

3.      An actual and justiciable controversy exists among the parties as to which a declaratory judgment setting forth their respective rights and obligations under the subject insurance policy is necessary and appropriate.

## JURISDICTION

4.      This Court has original jurisdiction over this civil action under 28 U.S.C. § 1332(a).

5.      Plaintiff American Modern is a corporation organized and existing under the laws of the State of Ohio with its principal place of business in Amelia, Ohio.

6.      Defendant 89 Prospect Street LLC ("89 Prospect") is a limited liability company existing under and by virtue of the laws of the State of Connecticut having its principal place of business at 45 Connecticut Boulevard, East Hartford, Connecticut 06108.

7.      Defendant John T. Forrest ("Forrest") is a natural person, a member of 89 Prospect, and is a citizen of the State of Connecticut residing at 85 College Drive, East Hartford, Connecticut 06108.

8.      Defendant Francis M. Cosgrove ("Cosgrove") is a natural person, a member of 89 Prospect, and is a citizen of the State of Connecticut residing at 4 Worthington Drive, Bloomfield, Connecticut 06002.

9.      There are no other members of 89 Prospect.

2

10.     Defendant Roberto Archaga ("Archaga") is a natural person and is a citizen of the State of Connecticut residing at 809 Burnside Avenue, East Hartford, Connecticut 06108.

11.     Defendant Gricelda Isaula ("Isaula") is a natural person and is a citizen of the State of Connecticut residing at 809 Burnside Avenue, East Hartford, Connecticut 06108.

12.     No named defendant is domiciled in the State of Ohio, neither is any named defendant a citizen of the State of Ohio.  Plaintiff and defendants are, therefore, citizens of different states and this Court has original jurisdiction over this civil action based upon diversity of citizenship under 28 U.S.C. §1332(a).

13.     The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## VENUE

14.     In this action American Modern seeks a judicial declaration with respect to the parties rights and obligations in the Underlying Action arising out of an accident on or about May 26, 2014, occurring at 205 Jefferson Street, City and County of Hartford, State of Connecticut.

15.     Venue in this District is proper, pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events, acts, or omissions giving rise to the asserted claim took place in this District.

## NATURE OF CONTROVERSY

16.     In this action, American Modern seeks a declaration of the parties' rights and liabilities with respect to insurance coverage for 89 Prospect, Forrest and Cosgrove in

3

connection with the Underlying Action.

17.     Forrest is an attorney admitted to practice before the courts of the State of Connecticut since December 8, 1989.

18.     Cosgrove is a licensed real estate consultant.

19.     Both Forrest and Cosgrove are members of 89 Prospect.

20.     89 Prospect is the owner of numerous rental properties in the State of Connecticut.

21.     On May 26, 2014, 89 Prospect was the owner of the premises located 205 Jefferson Street, Hartford, Connecticut (hereinafter "the Premises").

22.     On May 26, 2014, Archaga was on a ladder performing work at the Premises when he fell from the ladder sustaining injury.

23.     On May 26, 2014, Forrest was aware that Archaga fell from a ladder at the Premises and sustained injury.

24.     On May 26, 2014, Cosgrove was aware that Archaga fell from a ladder at the Premises and sustained injury.

25.     First notice to American Modern of Archaga's accident and injury was on August 25, 2015.

The Underlying Action

26.     The Underlying Action was filed by Archaga and his wife, Isaula, against 89 Prospect and Forrest (collectively "Underlying Defendants"), based upon allegations that on

4

May 26, 2014, Archaga fell from a ladder while performing work at 205 Jefferson Street, Hartford, Connecticut, a property owned by 89 Prospect (hereinafter "the Premises").

27.     In the Underlying Action, Isaula asserts a derivative claim for loss of consortium and services as the wife of Archaga.

28.     The Underlying Action seeks monetary relief as well as common law punitive damages.

29.     American Modern is presently providing 89 Prospect and Forrest with a defense in the Underlying Action subject to a reservation of rights to disclaim coverage.

30.     It is alleged in the Underlying Action that 89 Prospect "owned, possessed and/or controlled" the Premises.

31.     Upon information and belief, on May 26, 2014, Archaga was an employee of 89 Prospect.

32.     Upon information and belief, on May 26, 2014, Archaga was an employee of 89 Prospect and was acting in the scope and course of his employment performing work at the Premises when he fell from a ladder and sustained injury.

33.     Archaga filed a Notice of Claim for Compensation with the Workers' Compensation Commission of the State of Connecticut wherein he alleged that on May 26, 2014 he was an employee of 89 Prospect and sustained injury at the Premises when "he fell off ladder." A copy of the Notice of Claim for Compensation filed by Archaga is attached hereto as Exhibit "B."

5

The Policy

34.     American Modern issued to 89 Prospect and Cosgrove Policy number 0770047667372, for the policy period March 12, 2014 to March 12, 2015 (the "Policy").  A true and correct copy of the Policy is attached hereto as Exhibit "C."

35.     The Policy is subject to "Dwelling Policy Premises Liability Endorsement – Connecticut" which provides coverage in relevant part as follows:

> It is agreed the CONDITIONS section of your Dwelling Policy shall continue to apply unless amended in this endorsement.

I.      AGREEMENT
We will provide the insurance described in this endorsement in return for the premium and compliance with all applicable provisions of the policy.

II.     COVERAGES
A. Premises Liability
1.  We cover the insured's legal liability for bodily injury or property damage arising out of the ownership, maintenance or use of the insured premises.  The bodily injury or property damage must be caused by an occurrence during the policy period.

If a claim is made or a suit is brought against any insured for damages because of bodily injury or property damage to which this coverage applies, we will:
a.      Pay up to our Limit of Liability for the damages for which the insured is legally liable; and
b.      Provide a defense at our expense by counsel of our choice.  We may make any investigation and settle any claim or suit that we decide is appropriate.

2.  Our duty to settle or defend ends when the amount we pay for damages equals our Limit of Liability.  We will not reimburse you for defense costs or attorney fees incurred by you prior to giving us notice of the accident or occurrence.

6

36.    The coverage provided by "Dwelling Policy Premises Liability Endorsement –

Connecticut" is subject to the following exclusions, *inter alia*:

IV. EXCLUSIONS
                              *          *          *
B.      In addition this insurance does not apply:
                                   *          *          *
        3.      to bodily injury to you, your partner or employee arising out of or in the
                course of your or his employment.
                                   *          *          *
        6.      a. bodily injury to any person eligible to receive any benefits:
                        (1)     voluntarily provided; or
                        (2)     required to be provided;
                b.      by the insured under any:
                        (1)     workers' compensation law;
                        (2)     nonoccupational disability law; or
                        (3)     occupational disease law.
                                   *          *          *
        9.      to claims or damages alleging or resulting in punitive or exemplary
                damages.  It does not apply to statutory fines or other similar types of
                damages.

37.    The coverage provided by "Dwelling Policy Premises Liability Endorsement –

Connecticut" contains the following definitions, *inter alia*:

VI. DEFINITIONS

        When used in this endorsement:
                                   *          *          *
        2. You, your or yours means each of the following to the extent set forth below:
                                   *          *          *
                c. if the named insured as designated in the declarations is other than an
                   individual, partnership or joint venture, the organization or corporation so
                   designated and any executive officer, director or stockholder thereof while
                   acting within the scope of his duties as such.
        3. Insured means you. . . .

7

38.     The coverage provided by "Dwelling Policy Premises Liability Endorsement –

Connecticut" is subject to the following conditions, *inter alia*:

VIII. CONDITIONS

    A.    RIGHTS AND DUTIES IN CASE OF LOSS

        1.    What to do in Case of Bodily Injury or Property Damage

            In case of an accident or occurrence, the insured must perform the following that apply.  You are obligated to see that these duties are performed:

            a.    Give written notice to us or our agent as soon as is practical, which sets forth:

                (1)    the identity of the policy and the insured;

                (2)    reasonably available information on the time, place and circumstances of the accident or occurrence; and

                (3)    names and addresses of any claimants and witnesses;

            b.    Promptly forward to us every notice, demand, summons, process or other legal papers relating to the accident or occurrence;

            c.    Cooperate with us and assist us in any matter relating to a claim or suit.  Your duty to cooperate with us includes, but is not limited to, a duty to submit to examinations under oath by any person named by us concerning matters relating both to circumstances surrounding a claim or occurrence and with respect to any matter affecting an actual or potential coverage dispute.  Your duty to cooperate continues and does not cease until both claims by third parties and coverage disputes have been resolved.

            d.    At our request, submit to examination under oath, as often as we require, while not in the presence of any other insured, and sign the same;

            e.    At our request, assist in:

                (1)    Making settlement;

                (2)    the enforcement of any right of contribution or indemnity against any person or organization who may be liable to any insured;

                (3)    the conduct of suits and attend hearings and trials; and

8

(4)    securing and giving evidence and obtaining the attendance of witnesses.

f.    An insured will not, except at the insured's own cost, voluntarily make payment, assume obligation or incur expense other than for first aid to others at the time of the bodily injury.

## AS AND FOR THE FIRST CLAIM FOR RELIEF
### (Exclusion for Injury to Employees)

39.    American Modern repeats and realleges each and every allegation set forth in paragraphs "1" through "38" of this Complaint as if fully set forth at length herein.

40.    Pursuant to the exclusion for injury to employees, the American Modern policy excludes coverage for "bodily injury to you, your partner or employee arising out of or in the course of your or his employment."

41.    The complaint in the Underlying Action alleges that on May 26, 2014, Archaga was working at the Premises owned by 89 Prospect when he fell from a ladder and sustained injury.

42.    Upon information and belief, on May 26, 2014, Archaga was an employee of 89 Prospect and was acting in the scope and course of his employment performing work at the Premises when he fell from a ladder and sustained injury.

43.    As upon information and belief Archaga was an employee of 89 Prospect when he sustained injury on May 26, 2014, Archaga's claims for his injuries are excluded by operation of the exclusion for injury to employees because such injuries were the result of his employment by 89 Prospect.

9

44.     Accordingly, there is no coverage for the matters alleged in the Underlying Action.

45.     American Modern has no obligation to defend or pay claims to which the insurance does not apply.

46.     By reason of the foregoing, American Modern is not obligated to defend 89 Prospect, Forrest or Cosgrove in the Underlying Action.

47.     By reason of the foregoing, American Modern is not obligated to indemnify 89 Prospect, Forrest or Cosgrove in the Underlying Action.

### AS AND FOR THE SECOND CLAIM FOR RELIEF
#### (Workers' Compensation Exclusion)

48.     American Modern repeats and realleges each and every allegation set forth in paragraphs "1" through "47" of this Complaint as if fully set forth at length herein.

49.     Pursuant to the workers' compensation exclusion, the American Modern policy excludes coverage for bodily injury to any person eligible to receive any benefits voluntarily provided or required to be provided by the insured under any workers' compensation law.

50.     Upon information and belief, on May 26, 2014, Archaga, as an employee of 89 Prospect, was eligible to receive benefits under Connecticut's Workers' Compensation Law.

51.     As upon information and belief Archaga was an employee of 89 Prospect eligible to receive benefits under Connecticut's Workers' Compensation Law when he sustained injury on May 26, 2014, Archaga's claims for his injuries are excluded by operation of the workers' compensation exclusion.

10

52.     Accordingly, there is no coverage for the matters alleged in the Underlying Action.

53.     American Modern has no obligation to defend or pay claims to which the insurance does not apply.

54.     By reason of the foregoing, American Modern is not obligated to defend 89 Prospect, Forrest or Cosgrove in the Underlying Action.

55.     By reason of the foregoing, American Modern is not obligated to indemnify 89 Prospect, Forrest or Cosgrove in the Underlying Action.

### AS AND FOR THE THIRD CLAIM FOR RELIEF
### (Punitive Damages Exclusion)

56.     American Modern repeats and realleges each and every allegation set forth in paragraphs "1" through "55" of this Complaint as if fully set forth at length herein.

57.     Pursuant to the punitive damages exclusion, the American Modern policy excludes coverage for "claims or damages alleging or resulting in punitive or exemplary damages. It does not apply to statutory fines or other similar types of damages."

58.     In the "Prayer for Relief" in the Underlying Action, plaintiffs' seek common law punitive damages.

59.     As coverage for punitive damages are excluded by the American Modern policy, to the extent punitive damages are awarded in the Underlying Action, there is no coverage for same.

60.     American Modern has no obligation to pay claims to which the insurance does not

11

apply.

61.    By reason of the foregoing, American Modern is not obligated to indemnify 89 Prospect, Forrest or Cosgrove in the Underlying Action for any punitive damage claims.

## AS AND FOR THE FOURTH CLAIM FOR RELIEF
### (Violation of Notice Condition)

62.    American Modern repeats and realleges each and every allegation set forth in paragraphs "1" through "61" of this Complaint as if fully set forth at length herein.

63.    Pursuant to the "What to do in Case of Bodily Injury or Property Damage" condition of the policy, in the event of an accident or occurrence, the insured must give written notice to American Modern as soon as practical which sets forth (1) the identity of the policy and the insured; (2) reasonably available information on the time, place and circumstances of the accident or occurrence; and (3) names and addresses of any claimants and witnesses.

64.    Archaga's accident occurred on May 26, 2014.

65.    First written notice to American Modern was on August 25, 2015, approximately 15 months later.

66.    Accordingly, written notice to American Modern of Archaga's accident was not provided "as soon as is practical" as required by the notice condition of the American Modern policy.

67.    Based on the foregoing, the notice condition of the American Modern policy has not been complied with resulting in prejudice to American Modern.

68.    Accordingly, there is no coverage for the matters alleged in the Underlying

12

Action.

69.     American Modern has no obligation to defend or pay claims to which the insurance does not apply.

70.     By reason of the foregoing, American Modern is not obligated to defend 89 Prospect, Forrest or Cosgrove in the Underlying Action.

71.     By reason of the foregoing, American Modern is not obligated to indemnify 89 Prospect, Forrest or Cosgrove in the Underlying Action.

<u>**AS AND FOR THE FIFTH CLAIM FOR RELIEF**</u>
**(Forrest Does Not Qualify as an Insured)**

72.     American Modern repeats and realleges each and every allegation set forth in paragraphs "1" through "71" of this Complaint as if fully set forth at length herein.

73.     Pursuant to the Policy, the named insured as designated in the declarations is:

FRANCIS COSGROVE
89 PROSPECT ST LLC

74.     The Policy defines an "insured" as "you".

75.     "You" under the Policy means, in part, "if the named insured as designated in the declarations is other than an individual, partnership or joint venture, the organization or corporation so designated and any executive officer, director or stockholder thereof while acting within the scope of his duties as such."

76.     Based on the foregoing definition, Forrest only qualifies as an "insured" under the Policy to the extent he was acting within the scope of his duties as a member of 89 Prospect.

13

77.     To the extent it is determined that Forrest was acting in any capacity other than as a member of 89 Prospect, Forrest does not qualify as an "insured" under the Policy for the matters alleged in the Underlying Action.

78.     Accordingly, to the extent Forrest was acting in any capacity other than as a member of 89 Prospect, there is no coverage for Forrest for the matters alleged in the Underlying Action.

79.     American Modern has no obligation to defend or pay claims to which the insurance does not apply.

80.     By reason of the foregoing, to the extent Forrest was acting in any capacity other than as a member of 89 Prospect, American Modern is not obligated to defend Forrest in the Underlying Action.

81.     By reason of the foregoing, to the extent Forrest was acting in any capacity other than as a member of 89 Prospect, American Modern is not obligated to indemnify Forrest in the Underlying Action.

## AS AND FOR THE SIXTH CLAIM FOR RELIEF
### (REIMBURSEMENT OF DEFENSE COSTS INCURRED)

82.     American Modern repeats and realleges each and every allegation set forth in paragraphs "1" through "81" of this Complaint as if fully set forth at length herein.

83.     American Modern has been defending 89 Prospect and Forrest in the Underlying Action subject to a reservation of rights to disclaim coverage and to seek reimbursement of defense costs incurred.

14

84.    As there is no coverage available under the Policy for the Underlying Action, and that no duty to defend ever existed under the Policy, American Modern is entitled to reimbursement of all fees, costs and expenses incurred in defending 89 Prospect and Forrest.

### AS AND FOR THE SEVENTH CLAIM FOR RELIEF
### (Declaratory Action Against Necessary and
### Otherwise Proper Party Defendants)

85.    American Modern repeats and realleges each and every allegation set forth in paragraphs "1" through "84" of this Complaint as if fully set forth at length herein.

86.    Under Rule 19(a) of the Federal Rules of Civil Procedure, a necessary and otherwise proper party is one who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

87.    Defendants Archaga and Isaula are plaintiffs in the Underlying Action and allegedly sustained injury as a result of the May 26, 2014 accident at the Premises and as such, have an interest relating to the subject matter of this action and will be bound by a determination in American Modern's favor.

15

88.     Although not a named defendant in the Underlying Action, Cosgrove is an insured under the American Modern policy and as such, has an interest relating to the subject matter of this action and will be bound by a determination in American Modern's favor.

89.     Therefore, any declaratory judgment in this action may affect the rights of Archaga, Isaula and Cosgrove and they are necessary and otherwise proper parties.

90.     American Modern demands trial by jury on all issues herein.

WHEREFORE, Plaintiff demands judgment as follows:

## DECLARATION

1)     Coverage for the Underlying Action is barred by the exclusion for injury to employees;

2)     Coverage for the Underlying Action is barred by the Workers' Compensation exclusion;

3)     Coverage for punitive damages in the Underlying Action is barred by the punitive damages exclusion;

4)     Coverage for the Underlying Action is barred by the violation of the notice condition;

5)     American Modern is not obligated to defend 89 Prospect, Forrest or any individual or entity with respect to the Underlying Action;

6)     American Modern is not obligated to indemnify 89 Prospect, Forrest or any individual or entity with respect to the Underlying Action;

7)     To the extent Forrest was acting in any capacity other than as a member of 89 Prospect, American Modern is not obligated to defend Forrest in the Underlying Action;

16

8)      To the extent Forrest was acting in any capacity other than as a member of 89 Prospect, American Modern is not obligated to indemnify Forrest in the Underlying Action;

9)      American Modern is entitled to withdraw the defense of 89 Prospect and Forrest in the Underlying Action;

10)     American Modern is entitled to reimbursement of fees, costs and expenses incurred in the defense of the Underlying Action;

11)     As necessary and otherwise proper parties, Archaga, Isaula and Cosgrove are bound by this Court's determinations herein, and have no right to make any claim under American Modern Policy Number 0770047667372 with respect to the Underlying Action; and

12)     Such other relief as the Court deems just and proper, together with reasonable attorneys' fees, costs and disbursements in this action.

Dated: Wilton, Connecticut
October 4, 2016

> TRAUB LIEBERMAN STRAUS
> & SHREWSBERRY LLP
> *Attorneys for Plaintiff American Modern Home*
> *Insurance Company*
>
> By:     Mony B.P. Yin (ct19355)
>         15 River Road, Suite 15B
>         Wilton, CT 06897
>         Tel - (203) 445-1300
>         Fax - (203) 445-1301
>         myin@traublieberman.com

17